REQUESTED BY: Dear Senator DeCamp:
You have requested an opinion from this office on the constitutionality of a proposed amendment to LB 308, a bill authorizing an increase in the interest charges allowable on revolving credit transactions pursuant to section 45-207, R.R.S. 1943. Specifically, you ask whether the amendment would unconstitutionally impair one's right to enter into a revolving credit agreement where the interest to be charged is stated to be the maximum rate allowed by state law.
You do not specify whether there is any particular implication of the amendment that raises the constitutional problem you inquire of. However, you have framed your inquiry somewhat by asking us to review the amendment to LB 308 in the context of a revolving credit agreement which states that `maximum allowable interest rates would be charged as allowed by state law'. The rate of interest to be charged is but one term or provision of such a revolving credit contract. Ostensibly, the parties are free to negotiate the interest rate, and we see no reason why they could not agree on a variable interest rate reflecting variations in the maximum allowed by the state, so long as at no time does the rate in effect exceed that which is allowed by state law at that particular time. You do not ask whether the language you have used to describe such an intention is legally sufficient to do so that is valid contractually. We make no attempt here to determine the answer to that question.
With that possible source of confusion clarified, we note that the Nebraska Supreme Court recognized in Elder v.Doerr, 175 Neb. 43, 122 N.W.2d 528 (1963), that the Legislature's authority to fix interest rates is a classic example of the state's police power in the public interest. To that end, so long as such legislation guarantees equal protection of the laws in its application and is not `special' legislation:
 ". . . It is established that the constitutional guarantees of personal liberty and freedom of contract are not unconstitutionally impaired by legislation which restricts the amount of interest which may be exacted in connection with loans of money." 45 Am.Jur.2d, Interest and Usary § 6.
Mindful that we do not address the question of whether the language you use in your hypothetical is legally sufficient to bind the parties to variable interest charges, and construed in the light of the above-cited principles, we find nothing inherent in your letter, nor on the face of the amendment to LB 308, which would unconstitutionally impair one's right to enter into such a revolving credit contract. It seems to us that the amendment's intent is to clarify that for outstanding credit balances reflected after the enactment of LB 308, the portion reflecting indebtedness incurred prior to that date will be charged the old interest rates, and the portion reflecting subsequent indebtedness will be charged the new interest rates. We find no basis upon which to conclude that a statute which simply sets maximum allowable interest rates thereby impairs one's right to enter into a revolving credit agreement pursuant to which those rates will be charged.